FILED
DEC
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EDMUND F. BROADLEY III<br>Plaintiff, | ) | CA 07 458 ML |
| v. | ) | C. A. NO. |
| WILLIAM A. HARDMAN III<br>Defendant | ) | |

## COMPLAINT AND JURY TRIAL DEMAND

### Jurisdiction

This Court has jurisdiction by virtue of Title 28 United States Code (USC) § 1331, *Federal question* which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

This action is being brought pursuant to Title 42 USC § 1983, *Civil action for deprivation of rights* which provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

### Venue

This Honorable Court is the proper venue by virtue of Title 28 USC § 1391, *Venue generally* (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

**Parties**

1. Plaintiff, Edmund F. Broadley III, is a resident of the State of Rhode Island.

2. Defendant, William A. Hardman III, is a resident of the State of Rhode Island.

3. The parties are subject to the jurisdiction of this Court and this Court is the proper venue for this dispute.

**Background Facts**

4. Edmund F. Broadley III (Broadley) is the sole shareholder of the of the ESCAPE "E" ROCK 'N ROLL REVUE, INC. (ESCAPE "E") which is a corporation organized and existing under the laws of the State of Rhode Island.

5. On or about June 2, 2004 ESCAPE "E" through its legal counsel, Attorney Robert D Oster, filed Superior Court Civil Action No. PC 04-2918 in the State of Rhode Island naming Mark Ricard as a Defendant.

6. William A. Hardman III is member #3191 of the State of Rhode Island Bar Association doing business as an attorney in the State of Rhode Island.

7. William A. Hardman III is the counsel of record representing Defendant Mark Ricard in said civil action.

**Count I**
**(Violation of Civil Rights – Defendant William A. Hardman III)**

8. Broadley incorporates by reference the allegations contained in paragraphs 1-7 of this complaint.

9. A letter dated October 26, 2004 drafted by Attorney William A Hardman III acting as attorney of record for Defendant Ricard in said underlying action, which was addressed and forwarded promptly to Attorney Robert D. Oster acting as attorney of record for the Plaintiff in same civil action, requested that

Attorney Oster recuse himself as counsel for the Plaintiff in said case due to unspecified actions attributed to Attorney Oster by Attorney Hardman who thus claimed Attorney Oster had thereby made himself a "potential" witness in said case.

10. Consequently, in a letter drafted and forwarded on October 28, 2004, Attorney Oster formally sought a written opinion of the Ethics Advisory Committee with respect to the validity of Attorney Hardman's "recusal" request.

11. While this "recusal" request was still pending, Attorney Hardman pressed to schedule a deposition of Broadley as a witness in said underlying action.

12. A deposition of Broadley was scheduled by Attorney Hardman on December 15, 2004 while the issue of Attorney Oster's recusal was still pending.

13. Broadley requested that the deposition be continued until such time as the "recusal" issue relative to Attorney Oster was resolved or until adequate representation was retained by Broadley.

14. Attorney Hardman insisted that the deposition must go forward.

15. Broadley was gravely concerned about attending a deposition in which Broadley's attorney may be subsequently prohibited from protecting Broadley's interests.

16. Broadley nevertheless appeared with Attorney Oster for the deposition.

17. Since the status of Attorney Oster's representation of Broadley was undermined by Attorney Hardman's "recusal" request, Broadley, through Attorney Oster, requested of Attorney Hardman that a third party individual, George Kersey, acting as a legal advisor to Broadley be permitted to attend the deposition as a non-participatory observer.

18. Attorney Hardman unequivocally refused to allow the third party individual to attend the deposition.

19. With Attorney Hardman's "recusal" request unresolved and Attorney Hardman's adamant

refusal to allow any other individual to attend the deposition, Broadley decided to not go forward with the deposition until he could retain adequate representation.

20. Broadley was so concerned with the cloud of Attorney Hardman's "recusal" request of Attorney Oster hanging over Attorney Oster's representation that he discharged Attorney Oster at the deposition as counsel of record for Plaintiff in said underlying action.

21. In response, Attorney Hardman threatened Broadley repeatedly with the future filing of a Motion to Dismiss and Motion for Sanctions if Broadley refused to go forward with the deposition.

22. Broadley did not go forward with the deposition.

23. Following the adjournment of the deposition Attorney Hardman continued to repeatedly threaten Broadley with reprisals saying to Broadley at one point "Boy, am I going to have fun with you!"

24. On Thursday, January 6, 2005 Attorney Hardman's Motion To Dismiss Plaintiff's Complaint and Motion for Sanctions, based upon Broadley's aforementioned refusal to proceed with the December 15, 2004 deposition, were heard in Superior Court and denied while Attorney Oster's Motion to Withdraw was granted.

25. Attorney Hardman's actions before, during and after said deposition denied Broadley of adequate legal representation and access to proper due process for said deposition proceeding which had a deleterious effect on the litigation of said underlying civil action.

26. Attorney Hardman acted unlawfully in barring any third party witness, i.e. George Kersey, from said deposition since in the United States of America depositions are to be as open to the public as freely as are trials in open court.

27. As such, Attorney Hardman sought to conduct a closed and unlawful interrogation under threat of reprisals rather than a deposition of a witness for civil litigation purposes.

28. Attorney Hardman's actions under Count I of this Complaint thereby violated Broadley's civil rights and as a result of those violations is liable to Broadley for damages.

**WHEREFORE,** Plaintiff Broadley respectfully requests:

A. That the Jury find for Plaintiff Broadley and against the Defendant for damages in an amount within the jurisdiction of this Honorable Court;

B. That the Jury award Plaintiff Broadley reimbursement from Defendant of all related attorney fees and costs incurred in the underlying Superior Court Civil Action No. PC 04-2918 as a result of Defendant's actions under Count I of this Complaint;

C. That the Jury award Plaintiff Broadley compensatory, punitive, and statutory damages resulting from Defendant's actions under Count I of this Complaint;

D. That the Jury award Plaintiff Broadley costs and legal fees; and

E. Such other and further relief as the Jury deems appropriate.

**Count II**
**(Abuse of Process – Defendant William A. Hardman III)**

29. Broadley incorporates by reference the allegations contained in paragraphs 1-28 of this Complaint.

30. Attorney Hardman's actions under Count I of this Complaint have willfully and maliciously abused the legal process while violating Broadley's civil rights and as a result of those abuses is liable to Broadley for damages.

**WHEREFORE,** Plaintiff Broadley respectfully requests:

A. That the Jury find for Plaintiff Broadley and against the Defendant for damages in an amount within the jurisdiction of this Honorable Court;

B. That the Jury award Plaintiff Broadley reimbursement from Defendant of all related attorney fees and costs incurred in the underlying Superior Court Civil Action No. PC 04-2918 as a result of Defendant's actions under Count II of this Complaint;

C. That the Jury award Plaintiff Broadley compensatory, punitive, and statutory damages resulting from Defendant's actions under Count II of this Complaint;

D. That the Jury award Plaintiff Broadley costs and legal fees; and

E. Such other and further relief as the Jury deems appropriate.

**JURY TRIAL DEMAND**

Broadley demands a trial by jury on all claims triable by a jury.

EDMUND F. BROADLEY III
Plaintiff

Edmund F. Broadley III
Plaintiff
P.O. Box 712
Pawtucket, RI 02862
401-726-1769

Dated: December 12th, 2007