# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDMUND F. BROADLEY III<br>Plaintiff,<br>v.<br><br>WILLIAM A. HARDMAN III<br>Defendant | )<br>)<br>)<br>)<br>)<br>) | C. A. NO. 07- 458 ML |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT UNDER RULE 12 (b) (1) AND UNDER RULE 12 (b) (6)**

Now comes the Plaintiff in the above–titled action and hereby objects to Defendant's Motion to Dismiss Complaint under Rule 12 (b) (1) and under Rule 12 (b) (6).

The grounds for this objection are as follows:

Defendant's assertion that the Plaintiff's Complaint lacks subject matter jurisdiction is incorrect.

The actions of Defendant set forth in Complaint occurred while Plaintiff was subjected to subpoena power of the State of Rhode Island which had been invoked by the Defendant as evidenced in attached Memorandum of Law.

The Defendant thus acted under color of state law and as such the claims of the Plaintiff come under the jurisdiction of 42 U.S.C. § 1983.

Defendant's further contention that Plaintiff has failed to state a claim upon which relief may be granted is also incorrect.

Plaintiff asserts that entire Complaint constitutes a claim under which relief may be granted pursuant to 42 U.S.C. § 1983 but would refer more specifically to allegations of paragraphs No. 25 – No. 28 of Complaint and reasons set forth herein.

In support of this objection Plaintiff shall rely on arguments set forth in the attached Memorandum of Law and other arguments to be made at hearing.

**WHEREFORE**, Plaintiff respectfully requests of this Honorable Court that the Defendant's motion to dismiss Plaintiff's Complaint be denied. Upon leave of Court, pro se Plaintiff reserves the right to amend Complaint based upon findings of this Court at hearing.

Plaintiff requests an oral argument hearing and an evidentiary hearing.

EDMUND F. BROADLEY III
Plaintiff, Pro Se

Date: January 10, 2008

Edmund F. Broadley III
Plaintiff, Pro Se
P.O. Box 712
Pawtucket, RI 02862
401-726-1769

## CERTIFICATION

I hereby certify that I caused a copy of the within Objection to be mailed first class U.S. postage prepaid to:

William A. Hardman III, Esq.
255 Quaker Lane, Suite 600
West Warwick, RI 02893

On this 10th day of January, 2008.

Edmund F. Broadley III

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EDMUND F. BROADLEY III<br>Plaintiff,<br>v.<br><br>WILLIAM A. HARDMAN III<br>Defendant | )<br>)<br>)<br>)<br>)<br>) | C. A. NO. 07- 458 ML |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT UNDER RULE 12 (b) (1) AND UNDER RULE 12 (b) (6)**

Now comes the Plaintiff in the above-titled action and hereby submits this Memorandum of Law in support of Plaintiff's Objection to Defendant's Motion to Dismiss under Rule 12 (b) (1) and under Rule 12 (b) (6).

**Background Facts**

On or about October 5, 2004 Defendant, acting as counsel of record for Mark Ricard in the underlying action ESCAPE 'E' ROCK 'N ROLL REVUE, INC. v. MARK RICARD, issued a Notice of Deposition (attached hereto as Exhibit A) of Plaintiff in the instant action, Edmund F. Broadley III, as a witness in said underlying action.

Said deposition was scheduled for October 26, 2004.

Defendant, again acting as counsel of record for Mark Ricard in the underlying action, issued and served a subpoena (attached hereto as Exhibit B) which commanded, in the name of the State of Rhode Island and Providence Plantations, the Plaintiff in the instant action to appear for the said October 26, 2004 deposition in the underlying action.

On or about October 26, 2004 Defendant, again acting as counsel of record for Mark Ricard in the underlying action, forwarded a letter (attached hereto as Exhibit C) to opposing counsel for the Plaintiff in

the underlying action asking him to recuse himself from said case due to unspecified actions on his part that had thereby made him a "potential" witness in the underlying case.

The aforementioned deposition was subsequently rescheduled a few times by agreement between counsel for the parties until on or about December 14, 2004 the Defendant, again acting as counsel of record for Mark Ricard in the underlying action, issued a Notice of Rescheduled Deposition (attached hereto as Exhibit D) which scheduled said deposition for December 15, 2004 while the "recusal" request of Plaintiff's counsel in the underlying suit was still unresolved.

Furthermore, as noted therein by Defendant's own admission, the said deposition "has been continued and all subpoenas remain in full force and effect."

**Argument**

Under R.I.G. L. § 9-17-5:

> "Every witness who shall be duly served with a subpoena in behalf of any party to a suit or proceeding, civil or criminal,... shall be obliged to attend accordingly."

When on or about October 15, 2004, the Defendant served the Plaintiff with a subpoena in the underlying action (that was also signed by the Defendant in his capacity as a Notary Public for the State of Rhode Island) the Defendant invoked the subpoena power of the State of Rhode Island. Indeed as noted hereinbefore the very language of the subpoena document itself clearly states: You are hereby commanded, in the name of the State of Rhode Island and Providence Plantations, to appear..."

As such, the actions of both the issuing party and recipient of a subpoena, relative to the proceeding for which the subpoena is served, are subject to the privileges and penalties inherent with the power of a subpoena derived from the authority of the State of Rhode Island.

Thus, when the Defendant served said subpoena he clearly acted under color of state law.

In Timson v. Weiner, (1975, S D Ohio) 395 F Supp 1344 at P. 1348 the Court asserted that:

> "A subpoena is the order of an arm of the state compelling the presence of a person under threat of contempt..."

> "That the state traditionally grants litigants and their attorneys the privilege of invoking the subpoena power does not alter the fact that it is the state, not the litigant or his attorney, which is compelling the attendance."

The Court also held that:

> "when such a subpoena is caused to be issued by a private litigant or attorney pursuant to the subpoena privilege granted litigants by the State of Ohio, such action is state action for purposes of the Fourteenth Amendment and action under color of state law for purposes of 42 U.S.C. § 1983."

In Defendant's Memorandum of Law in support of Defendant's Motion to Dismiss Plaintiff's Complaint under Rule 12 (b) (1) (6) the Defendant argues that he was not acting under color of law since attorneys representing clients, whether court-appointed or privately retained, are not state actors and do not act under color of law within the meaning 42 U.S.C § 1983.

Defendant cites: Polk County v. Dodson, 454 U.S. 312, 318 (1981); Page v. Sharpe, 487 F. 2d 567, 570 (1st Cir. 1973); Laurence v. Sollitto, 788 A. 2d 455, 457 (R.I. 2002) in support of this argument.

Plaintiff maintains that Defendant's argument is ill-conceived for reasons previously stated and that the cases cited are all off-point since:

1. Plaintiffs in all three cases were criminal detainees who filed 42 U.S.C. § 1983 actions against their own court-appointed attorneys (or in one instance a retained attorney) who represented them in an underlying criminal case;

2. Plaintiffs in all three cases argued that their court appointed attorneys in the underlying case were acting under color of law since they were employed by the State or County;

3. The Court has routinely held that before a litigant may institute a 42 U.S.C. § 1983 claim for alleged constitutional deprivations in connection with a criminal prosecution, the conviction must first be overturned on appeal or in collateral proceedings.

4. Unlike Defendants in the three cited cases, Defendant in the instant action has never represented the Plaintiff.

Defendant's argument that as an attorney he did not act under color of law in the underlying case

is negated by the fact that he invoked subpoena power of the state. In Timson v. Weiner at P. 1349 the Court further maintained:

> "It is not the status of the attorneys defendant herein as attorneys which is determinative; it is the fact that a private person, be he attorney or layman, has under the facts alleged invoked the direct power of the state."

The Court ultimately held that:

> "...a private individual may be held to respond in damages under 42 U.S.C. § 1983 for invoking the subpoena power of the state if it is shown that the purpose of the subpoena was not to require the presence of a potential witness but to exclude the subpoenaed person from being present at a public function or to harass or punish the person."

Since it is generally understood that when ruling on a Rule 12 (b) (1) (6) motion to dismiss that the Court assumes all the allegations in the Complaint to be true, Plaintiff contends that actions of Defendant set forth in Complaint demonstrate that Defendant not only harassed but also indisputably undermined that Plaintiff's right to adequately protect his interests at said subpoenaed deposition proceeding in the underlying action.

Defendant also seeks dismissal of Plaintiff's Complaint pursuant to Rule 12 (b) (6) for Plaintiff's alleged failure to set forth a claim upon which relief may granted by this Honorable Court.

Plaintiff refutes this contention asserting that entire Complaint constitutes a claim under which relief may be granted pursuant to 42 U.S.C. § 1983 but would refer more specifically to allegations in paragraphs No. 25 – No. 28 of Complaint and reasons set forth herein.

**WHEREFORE**, Plaintiff respectfully requests of this Honorable Court that the Defendant's motion to dismiss Plaintiff's Complaint be denied. Upon leave of Court, pro se Plaintiff reserves the right to amend Complaint based upon the findings of this Court at hearing.

Plaintiff requests an oral argument hearing and an evidentiary hearing.

Respectfully submitted,

EDMUND F. BROADLEY III
Plaintiff, Pro Se

Date: January 10, 2008

Edmund F. Broadley III
Plaintiff, Pro Se
P.O. Box 712
Pawtucket, RI 02862
401-726-1769

**CERTIFICATION**

I hereby certify that I caused a copy of the within Memorandum of Law to be mailed first class U.S. postage prepaid to:

William A. Hardman III, Esq.
255 Quaker Lane, Suite 600
West Warwick, RI 02893

On this 10th day of January, 2008.

Edmund F. Broadley III