UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EDMUND BROADLEY, III :
:
VS. : C.A. No. 07-458 ML
:
WILLIAM A. HARDMAN, III :

**DEFENDANT'S REPLY MEMORANDUM REGARDING DEFENDANT'S MOTION TO DISMISS UNDER RULE 12 (b)(1) AND UNDER RULE 12 (b)(6)**

In his Memorandum opposing Defendant's Motion to Dismiss under Rule 12 (b)(1) and 12 (b)(6), Plaintiff cites **Timson v. Weiner, 395 F. Supp. 1344 (S.D. Ohio 1975)** for the proposition that by virtue of serving a subpoena in a state court proceeding while representing a private litigant, an attorney is acting under color of law for purposes of 42 U.S.C. § 1983. (Plaintiff's Memorandum at pp. 2-4, citing **Timson**, at 1348-1349).

The holding in **Timson** was repudiated by the Sixth Circuit in **Hahn v. Star Bank, 190 F. 3d 708 (6th Cir. 1999).** In **Hahn**, the Sixth Circuit adopted the holding and reasoning of **Barnard v. Young, 720 F. 2d 1188 (10th Cir. 1983).** "In Barnard, the Tenth Circuit held that a private attorney who caused a subpoena duces tecum to issue was not a state actor for the purposes of § 1983." **Hahn**, at 717. "The Barnard court relied upon the vast weight of authority that private attorneys, by virtue of being officers of the court, do not act under color of law within the meaning of section 1983." **Id**, at 717. "According to the Tenth Circuit, if an attorney does not become a state actor merely by virtue of instigating court litigation, then the attorney does not become a

state actor merely by employing state authorized subpoena power." **Id**, at 717.

The Timson case was wrongly decided. This Court, in view of the **Dodson** and **Page** cases cited in its first Memorandum, should rely on the more recent and more persuasive authority of **Hahn** and **Barnard** in deciding this matter.

Respectfully submitted,

Date: January 15, 2008

**WILLIAM A. HARDMAN, III**
**Defendant, Pro Se**
255 Quaker Lane, Suite 600
West Warwick, RI 02893
(401) 828-8500
(401) 828-0644 (Fax)

**PROOF OF SERVICE**

I hereby certify that on the 15th day of January, 2008, I mailed a true copy of the within Memorandum to the Plaintiff, Pro Se, Edmund Broadley, P.O. Box 712, Pawtucket, RI 02862, by first class mail, postage prepaid.



(9999p5.doc)