# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDMUND F. BROADLEY III<br>Plaintiff, | ) ) | |
| v. | ) ) | C. A. NO. 07- 458 ML |
| WILLIAM A. HARDMAN III<br>Defendant | ) ) | |

**PLAINTIFF'S MOTION TO RECONSIDER PERMISSION TO FILE A SUR-REPLY MEMORANDUM IN RESPONSE TO DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT UNDER RULE 12 (b) (1) AND UNDER RULE 12 (b) (6)**

Now comes the Plaintiff in the above-titled action and hereby moves this Honorable Court for reconsideration of permission to file the attached proposed Sur-Reply Memorandum of Law in response to Defendant's Reply Memorandum of Law in support of Defendant's motion to dismiss Complaint under Rule 12 (b) (1) and under Rule 12 (b) (6).

The grounds for this motion are as follows:

Plaintiff reasserts that Defendant's Reply Memorandum warrants a response.

**WHEREFORE,** Plaintiff respectfully requests of this Honorable Court that the Plaintiff's motion to reconsider permission to file the attached proposed Sur-Reply Memorandum in response to Defendants Reply Memorandum in support of Defendant's motion to dismiss Plaintiff's Complaint be granted.

Plaintiff requests an oral argument hearing of approximately fifteen minutes.

EDMUND F. BROADLEY III
Plaintiff, Pro Se

Date: February 1, 2008

Edmund F. Broadley III
Plaintiff, Pro Se
P.O. Box 712
Pawtucket, RI 02862
401-726-1769

**CERTIFICATION**

I hereby certify that I caused a copy of the within Motion to Reconsider to be mailed first class U.S. postage prepaid to:

William A. Hardman III, Esq.
255 Quaker Lane, Suite 600
West Warwick, RI 02893

On this 1st day of February, 2008.

Edmund F. Broadley III

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDMUND F. BROADLEY III<br>Plaintiff,<br>v.<br><br>WILLIAM A. HARDMAN III<br>Defendant | )<br>)<br>)<br>)<br>)<br>) | C. A. NO. 07- 458 ML |

**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT UNDER RULE 12 (b) (1) AND UNDER RULE 12 (b) (6)**

Now comes the Plaintiff in the above-titled action and hereby submits this Sur-Reply Memorandum of Law in response to Defendant's Reply Memorandum of Law in support of Defendant's Motion to Dismiss Complaint under Rule 12 (b) (1) and under Rule 12 (b) (6).

In Defendant's Reply Memorandum of Law, Defendant again cites the **Dodson** and **Page** cases previously cited in Defendant's first Memorandum in order to reargue that attorneys, whether appointed or privately retained, are not state actors and do not act under color of law within the meaning of 42 U.S.C. § 1983.

Again, all the cases cited in Defendant's first Memorandum are all severely off-point for several reasons, the most important being that the Plaintiffs in all three cases were criminal detainees who filed 42 U.S.C. § 1983 actions against their own court-appointed attorneys (or in one instance a privately retained attorney) who represented each of them in an underlying criminal case.

Defendant in the instant action has never represented the Plaintiff.

Nonetheless, in **Timson v. Wiener**, cited in Plaintiff's first Memorandum, the Court held that any private individual or lawyer who invokes the subpoena power of the State clearly acts under color of state law for the purposes of 42 U.S.C. § 1983.

In Defendant's Reply Memorandum Defendant cites **<u>Hahn v. Star Bank</u>, 190 F. 3d 708 (6th Cir. 1999)** which criticized the **<u>Timson v. Weiner</u>** ruling and alternatively held that an attorney who invokes the subpoena power of the State does not act under color of state law for the purposes of 42 U.S.C. § 1983.

With all due respect to the Sixth Circuit Court, the latter ruling is preposterous in that it egregiously defies all matters of fact, law and logic relative to the subpoena power of the State.

The Defendant, in citing the three cases referenced in the Defendant's first Memorandum argues that attorneys are not state actors and do not act under color of law within the meaning of 42 U.S.C. § 1983 since, in essence, a lawyer is a private citizen despite being a duly licensed member of the bar and an officer of the Court.

Plaintiff thus argues that since an attorney is a private citizen he therefore <u>does not</u> possess the power or the authority to <u>command</u> an American citizen, with or without specified documents and/or items, to appear at any arbitrarily determined location.

To achieve that end, a private citizen or lawyer thus obviously relies upon the subpoena power of the State. If this were not the case, what reason would a private citizen or lawyer have in choosing to invoke the subpoena power of the State.

If, while invoking the power of subpoena a private citizen or lawyer violates the civil rights of the American citizen to whom the subpoena is issued, as is asserted in the Complaint of the instant action, then the issuing party should be held legally accountable for those violations.

Certainly this would be the case for an ordinary private citizen as opposed to an attorney.

The Plaintiff would respectfully submit to this Honorable Court that it is not bound by the rulings of other Circuit Courts and respectfully requests this Court to consider the following when ruling on the Defendant's Motion To Dismiss Plaintiff's Complaint.

As a member of the bar and an officer of the Court an attorney should be held to the highest standards under the law.

As such an attorney should not be allowed to benefit from the privileges of issuing a subpoena and then be deemed by the Courts to be exempt from the penalties which arise from that same lawyer's improper actions relative to the issuance of that subpoena.

When a Court rules that an attorney does not act under color of law when invoking the power of subpoena, it blatantly grants an attorney the unique power to violate an American citizen's civil rights with full immunity.

No private citizen or lawyer should be allowed to have it both ways. If one invokes the power of subpoena, one should be obligated to use it responsibly or suffer the legal consequences.

Should an attorney willfully and maliciously obstruct a citizen's right to proper due process by improperly tampering with and denying a citizen's right to legal representation for any legal proceeding, as asserted in the Plaintiff's Complaint, then that attorney essentially strips the citizen of the right to protect any and all of his civil rights since, ultimately, the only recourse a citizen has to protect such rights is through the judicial process by way of uncompromised legal representation.

If a citizen cannot properly access the judicial process to protect his civil rights then those civil rights are nothing more than worthless words on paper.

As such, lawyers are entrusted with the sacrosanct responsibility of safeguarding those civil rights guaranteed by the Constitution.

Plaintiff respectfully asserts that when disputes revolving around such issues are to be adjudicated, the importance of protecting the civil rights of American citizens should outweigh the importance of protecting the interests of the legal profession.

**WHEREFORE**, Plaintiff respectfully requests of this Honorable Court that the Defendant's motion to dismiss Plaintiff's Complaint under Rule 12 (b) (1) and Rule 12 (b) (6) be denied.

Plaintiff requests an oral argument hearing of approximately thirty minutes.

Respectfully submitted,

EDMUND F. BROADLEY III
Plaintiff, Pro Se

Date: February 1, 2008

Edmund F. Broadley III
Plaintiff, Pro Se
P.O. Box 712
Pawtucket, RI 02862
401-726-1769

## CERTIFICATION

I hereby certify that I caused a copy of the within Sur-Reply Memorandum to be mailed first class U.S. postage prepaid to:

William A. Hardman III, Esq.
255 Quaker Lane, Suite 600
West Warwick, RI 02893

On this 1st day of February, 2008.

Edmund F. Broadley III