UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDMUND BROADLEY, III | : | |
| | : | |
| v. | : | C.A. No. 07-458 ML |
| | : | |
| WILLIAM A. HARDMAN, III | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is presently before the Court on a Motion to Dismiss (Document No. 4) (the "Motion") filed by Defendant William A. Hardman. Defendant seeks dismissal pursuant to Fed. R. Civ. P.12(b)(1) and 12(b)(6). Plaintiff Edmund Broadley ("Plaintiff"), filed a timely Objection to Defendant's Motion to Dismiss (the "Objection"). (Document No. 5). Defendant also filed a Reply to the Objection (the "Reply"). (Document No. 6).

The Motion has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Plaintiff, proceeding pro se, has requested an oral argument and an evidentiary hearing as well as the right to amend the Complaint based on the findings of the Court. I have determined that no hearing is necessary to resolve the legal issues presented. After reviewing the parties' memoranda, in addition to performing independent research, this Court recommends that Defendant's Motion to Dismiss (Document No. 4) be GRANTED and that the case be DISMISSED.

**Facts**

The facts underlying the Complaint arose during the course of discovery in Escape "E" Rock 'N Roll Revue, Inc. v. Mark Ricard, et. al., Rhode Island Superior Court Civil Action No. PC 04-

2918 (the "State Action"). Compl. ¶ 5. These factual allegations must be taken as true in assessing a motion to dismiss under Fed. R. Civ. P. 12. Defendant is an attorney licensed to practice law in the State of Rhode Island and was counsel to the defendants in the State Action. Id. ¶ 6. Broadley is the sole shareholder of Escape "E" Rock 'N Roll Revue, the plaintiff in the State Action. Id. ¶ 4. A dispute arose in the State Action when defendant requested by letter that plaintiff's counsel, Attorney Robert Oster, recuse himself "due to unspecified actions attributed to Attorney Oster by [Defendant] who thus claimed Attorney Oster had thereby made himself a 'potential' witness in said case." Id. ¶ 9. Attorney Oster appears to be counsel to Plaintiff in the State Action in his capacity as the sole shareholder of ESCAPE "E" ROCK 'N ROLL REVUE INC., as well as counsel to the Corporation. Id. ¶¶ 4, 5, 9. This letter set in motion a chain of events that lead to the alleged violation of Plaintiff's civil rights and a claim for the willful and malicious abuse of legal process. Id. ¶¶ 28, 30. Upon receiving the recusal letter, Attorney Oster requested a written opinion from the Rhode Island Supreme Court's Ethics Advisory Panel. Id. ¶ 10. Defendant scheduled the deposition of Plaintiff before Attorney Oster received the requested ethics opinion. Id. ¶ 12. Plaintiff feared that if Attorney Oster could not serve as his attorney, Plaintiff would not receive adequate legal representation at the deposition. Id. ¶ 15. Plaintiff requested that a third party be allowed to attend the deposition as a non-participatory observer to act as a legal advisor to Plaintiff. Id. ¶ 17. Defendant denied Plaintiff's request, and, as a result, Plaintiff decided that he could not proceed with the deposition until he could retain adequate legal representation. Id. ¶¶ 18, 19. The unclear status of the pending ethics opinion caused Plaintiff so much concern that, at the deposition, Plaintiff discharged Attorney Oster as counsel of record. Id. ¶ 20. Plaintiff did not proceed any further with the deposition. Id. ¶ 22. Defendant responded to Plaintiff's discharge of Attorney Oster

by threatening to file a Motion to Dismiss and a Motion for Sanctions in the State Action if Plaintiff refused to go forward with the deposition. Id. ¶ 21. After the deposition, Plaintiff alleges that Defendant continued to threaten him with "reprisals saying to [Plaintiff] at one point 'Boy, am I going to have fun with you!'" Id. ¶ 23. These events took place on December 15, 2004. Id. ¶ 12.

On January 6, 2005, the Superior Court denied Defendant's Motion to Dismiss the State Action and granted Attorney Oster's Motion to Withdraw from the case. Id. ¶ 24. This action was commenced on December 12, 2007 pursuant to 42 U.S.C. § 1983.[1] Plaintiff's two-count Complaint seeks damages, punitive damages and other relief for the violation of his civil rights and the abuse of process in violating his civil rights.

**Standard of Review**

Defendant has moved to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. Motions to dismiss under Federal Rules 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Masterson v. United States, 200 F. Supp. 2d 94, 97 (D.R.I. 2002) citing Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). In ruling on such a motion, the Court construes the complaint in the light most favorable to the plaintiff, taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences. Id. See also Morey v. Rhode Island, 359 F. Supp. 2d 71, 74 (D.R.I. 2005). The Court will dismiss the claims only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

---

[1] The statute of limitations for this action is determined by Rhode Island's Statute of Limitations for the closest related cause of action. Rhode Island has a three-year statute of limitations for personal injury claims and a general ten-year statute of limitations for civil actions. In either case, Plaintiff filed suit on December 12, 2007, three days before the three-year anniversary of the December 15, 2004 deposition.

which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Masterson, 200 F. Supp. 2d at 97.[2]

**Discussion**

**1. Plaintiff's 42 U.S.C. § 1983 Claim**

Plaintiff alleges various violations by Defendant of his civil rights. In particular, Plaintiff claims that Defendant denied him the ability to have adequate legal representation in a civil proceeding, that not having Attorney Oster represent him in the deposition denied Plaintiff due process of the law, and that Defendant "sought to conduct a closed and unlawful interrogation under threat of reprisals." Compl. ¶¶ 25 and 27. In order to state a § 1983 claim, Plaintiff must allege "interference with a constitutionally-protected right by someone acting under color of state law...." Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986). The absence of either a constitutionally-protected right or a state actor requires the dismissal of a § 1983 claim. Here, Plaintiff has failed to allege facts sufficient to show that Defendant was a state actor for purposes of his § 1983 claim.

In Lugar v. Edmondson Oil Co. Inc., 457 U.S. 922, 937 (1982), the Supreme Court articulated a two-part test for analyzing whether conduct, which allegedly deprives a plaintiff of a federal right, is "fairly attributable" to the State. The Lugar court held that, "[f]irst, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the state is responsible....Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." 457 U.S. at 937.

---

[2] Both parties submitted exhibits with their memoranda. This Court will not consider these attachments in deciding the Motion to Dismiss because the Complaint, when taken to be true, fails to state a claim, and the exhibits submitted are not dispositive and would not warrant conversion of Defendant's Motion to one for summary judgment under Fed. R. Civ. P. 56.

In order to survive a motion to dismiss, a § 1983 Plaintiff "must allege that a person...acting under color of state law deprived him of a federal constitutional or statutory right." Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005). The First Circuit has noted that it is "'only in rare circumstances' that private parties can be viewed as state actors." Id.

Private parties may be considered state actors if the private party meets the requirements of one of three tests articulated by the First Circuit: (1) the state compulsion test; (2) the nexus/joint action test; or (3) the public function test. Estades-Negroni, 412 F.3d at 5. Under the state compulsion test, a private party becomes a state actor when the state "has exercised coercive power or has provided such significant encouragement, either overt or covert, that [challenged conduct] must in law be deemed to be that of the State." Blum v. Yaretsky, 457 U.S. 991 (1982). The nexus/joint action test requires such a close connection between the private party and the State that in viewing the totality of the circumstances the State has "so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in [the challenged activity]." Estades-Negroni, 412 F.3d at 5, citing Bass v. Parkwood Hosp., 180 F.3d 234, 242 (5th Cir.1999) ("[t]he fact that the defendants...invoked the assistance of the courts...is not sufficient to show a nexus or joint effort between the defendants and the state."); see also Perkins v. Londonderry Basketball Club, 196 F.3d 13 (1st Cir.1999). Plaintiff fails to meet either the state compulsion or the nexus/joint action test because Plaintiff alleges no facts which indicate the State exercised coercive power, provided encouragement or acted in concert with Defendant to violate Plaintiff's civil rights.

The third test is the public function test, which requires that the private party "perform[ ] a public function that has been 'traditionally the exclusive prerogative of the State.'" Estades-Negroni, 412 F.3d 5, citing Blum, 457 U.S. at 1005. The public function test "screens for situations

where a state tries to escape its responsibilities by delegating them to private parties." Barrios-Velazquez v. Asociacion de Empleados del Estado Libre Asociado, 84 F.3d 487, 494 (1st Cir. 1996); Perkins, 196 F.3d 13, 19 (1st Cir.1999) (delegation of town's youth basketball league does not meet the public function tests because plaintiff must demonstrate not only the performance of a public function by a private entity but also that the function is one exclusively reserved to the state.)

Plaintiff alleges that, as a lawyer, Defendant issued a subpoena in the name of the State of Rhode Island, thus he was a state actor. The argument that an attorney acts under color of state law because he is an officer of the court has been rejected by the Supreme Court. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (holding that a public defender employed by a county and appointed to represent an indigent criminal defendant is not a state actor for purposes of § 1983).

Plaintiff also argues that Defendant used a procedural tool provided by the State, the subpoena duces tecum, to compel Plaintiff's deposition. Plaintiff alleges that in using the subpoena, the Defendant invoked the power of the State. To support the proposition that Defendant's use of the subpoena made Defendant a state actor, Plaintiff argues both that Rhode Island Gen. Laws § 9-17-5 compels the attendance of an individual served a subpoena, and that Defendant's status as a Notary Public for the State of Rhode Island renders him a state actor. Plaintiff argues that because the subpoena states, "[y]ou are hereby commanded, in the name of the State of Rhode Island and Providence Plantations, to appear...." the subpoena power belongs to the State and not the individual issuing the subpoena.

In support of his argument, Plaintiff cites Timson v. Weiner, which held that "a subpoena is the order of an arm of the state compelling the presence of a person under threat of contempt." 395 F.Supp. 1344, 1348 (S.D. Ohio 1975). Timson, however, was overruled by the Sixth Circuit Court of Appeals and is no longer good law. See Hahn v. Star Bank, 190 F.3d 708 (6th Cir. 1999) (holding that a private attorney issuing a subpoena does not become a State actor for purposes of a federal civil rights claim). In addition to the Sixth Circuit, the Third and Tenth Circuits have also held that the issuance of a subpoena does not convert an attorney into a state actor. The Tenth Circuit Court of Appeals stated, "if an attorney does not become a state actor merely by virtue of instigating state court litigation...then the attorney does not become a state actor merely by employing state authorized subpoena power." Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983) (alleging a violation of the right to privacy when an attorney issued a subpoena for Plaintiff's medical records in a child custody suit). See also Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268 (3rd Cir. 1999) (explicitly rejecting the argument that an attorney becomes a state actor by virtue of being able to issue a subpoena seizing property without a hearing). Following the reasoning of these Circuits, I recommend that the Court hold that Defendant did not become a state actor merely by exercising the subpoena power granted by the State of Rhode Island to attorneys engaged in civil litigation.

Since Defendant was not a state actor and Plaintiff alleges no alternative and viable basis for Defendant becoming a state actor other than being an attorney and using a procedural device in civil litigation, Plaintiff fails to state a § 1983 claim against Defendant, and I recommend its dismissal.

**2. Plaintiff's State Law Abuse of Process Claim**

Plaintiff states a second claim for abuse of process arising from the same set of facts as the § 1983 claim. The willful and malicious abuse of the legal process is a claim based entirely on state law and does not have an independent basis for original federal jurisdiction. Plaintiff bases jurisdiction over this claim on the Court's ability to exercise supplemental jurisdiction under 28 U.S.C. § 1367. Supplemental jurisdiction exists where "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). That is, "the state and federal claims must derive from a common nucleus of operative fact." Id. However, "[a]s a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). Further, supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right....[and] its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims...." Gibbs, 383 U.S. 715. Given the early stage of the proceedings and that his federal claim is not viable, this Court recommends that the District Court decline to exercise supplemental jurisdiction over the state-law abuse of process claim and dismiss it without prejudice.

**Conclusion**

For the reasons discussed above, I recommend that Defendants' Motion to Dismiss (Document No. 5) be GRANTED and that Count I of Plaintiff's Complaint be DISMISSED with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and that the Court decline to exercise supplemental jurisdiction over Count II and DISMISS it without prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 25, 2008