# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDMUND F. BROADLEY III<br>Plaintiff,<br>v.<br><br>WILLIAM A. HARDMAN III<br>Defendant | )<br>)<br>)<br>)<br>)<br>) | C. A. NO. 07- 458 ML |

## PLAINTIFF'S SPECIFIC OBJECTONS TO REPORT AND RECOMMENDATION OF MAGISTRATE

Now comes the Plaintiff in the above-titled action and hereby objects to the Report and Recommendation of Magistrate Judge Lincoln D. Almond proposing that this Honorable Court dismiss Count I of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12 (b)(6) and that the Court further dismiss Count II of Plaintiff's Complaint.

In support of these objections Plaintiff shall rely on arguments set forth in the attached Memorandum of Law and other arguments to be made at hearing.

**WHEREFORE,** Plaintiff respectfully requests of this Honorable Court that the dismissal of Count I and Count II of Plaintiff's Complaint as proposed by the Report and Recommendation of the Magistrate be denied. Upon leave of Court, pro se Plaintiff reserves the right to amend Complaint based upon findings of this Court.

Plaintiff requests an oral argument hearing of twenty (20) minutes with respect to these objections.

EDMUND F. BROADLEY III
Plaintiff, Pro Se

Date: March 7, 2008

Edmund F. Broadley III
Plaintiff, Pro Se
P.O. Box 712
Pawtucket, RI 02862
401-726-1769

**CERTIFICATION**

I hereby certify that I caused a copy of the within Objections to be mailed first class U.S. postage prepaid to:

William A. Hardman III, Esq.
255 Quaker Lane, Suite 600
West Warwick, RI 02893

On this 7th day of March, 2008.

Edmund F. Broadley III

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDMUND F. BROADLEY III<br>Plaintiff,<br>v.<br><br>WILLIAM A. HARDMAN III<br>Defendant | )<br>)<br>)<br>)<br>)<br>) | C. A. NO. 07- 458 ML |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S SPECIFIC OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE**

Now comes the Plaintiff in the above-titled action and hereby submits this Memorandum of Law in support of Plaintiff's Specific Objections to Report and Recommendation (Report) of Magistrate Judge Lincoln D. Almond (Magistrate).

**History and Travel of Case**

1. Complaint filed December 12, 2007.

2. Defendant's Motion to Dismiss Complaint under Rule 12 (b)(1) and under Rule 12 (b)(6) with supporting Memorandum of Law filed on or about January 2, 2008.

3. Plaintiff's Objection to Defendant's said Motion to Dismiss Complaint filed on January 10, 2008.

4. Defendant's Reply Memorandum of Law Regarding Defendant's Motion to Dismiss Complaint under Rule 12(b)(1) and under Rule 12(b)(6) filed on or about January 15, 2008.

5. Plaintiff's Motion to Strike Defendant's said Reply Memorandum of Law filed on January 24, 2008 and **denied by Chief Judge Mary M. Lisi on January 28, 2008**.

6. Plaintiff's Motion to file a Sur-Reply Memorandum of Law in response to Defendant's said Reply Memorandum of Law filed on January 24, 2008 and **denied by Chief Judge Mary M. Lisi on January 28, 2008**.

7. Plaintiff's Motion to Reconsider Permission to File a Sur-Reply Memorandum of Law in Response to Defendant's Reply Memorandum of Law filed on February 10, 2008.

8. Report and Recommendation of Magistrate Judge Lincoln D. Almond proposing that Count I and Count II of Plaintiff's Complaint be dismissed entered February 25, 2008.

9. Plaintiff's Motion to Reconsider Permission to File a Sur-Reply Memorandum of Law in Response to Defendant's Reply Memorandum of Law is **denied on February 26, 2008 by Magistrate Judge Lincoln D. Almond subsequent to entry of Report and Recommendation of Magistrate.**

## I. Plaintiff's 42 U.S.C. § 1983 Claim

### Argument

Plaintiff hereby sets forth the following specific objections to Report and Recommendation (Report) of Magistrate Judge Lincoln D. Almond (Magistrate):

1. Subsequent to filing Complaint, Plaintiff filed a total of four (4) motions in this action, all of which contained a request for an oral argument and/or evidentiary hearing. All such requests for hearings were **denied** by this Honorable Court.

2. Plaintiff filed three (3) motions in response to the substance of Defendant's Reply Memorandum of Law. All three (3) motions were **denied** by this Honorable Court.

3. It is a matter of record that Plaintiff filed a Motion to Reconsider Permission to File a Sur-Reply Memorandum of Law on February 10, 2008.

Report and Recommendation of Magistrate was entered on February 25, 2008 before this Honorable Court rendered a ruling on said motion to reconsider.

Plaintiff would thus respectfully assert that Report was entered prematurely.

4. Magistrate states he has performed "independent research" in addition to reviewing the parties' memoranda.

Plaintiff would thus respectfully submit that the merit of the claims in this action be determined by relying on the substance of the submissions by the parties particularly since Defendant is an Attorney at Law.

Be that as it may, Plaintiff would contend that is improper to withhold the full extent of the information yielded by that "independent research" since doing so denies Plaintiff a fair opportunity to determine if the results of that "independent research" are fairly set forth.

5. Magistrate refers to underlying civil action as being titled: Escape "E" Rock'N Roll Revue, Inc. v. Mark Ricard, **et al.** and further states that Defendant in the instant action was counsel to **Defendants** in the underlying action.

For the purpose of clarification, Plaintiff states that allegations set forth in Complaint of the instant action occurred when underlying action named just one Defendant known as Mark Ricard and that Defendant in the instant action was counsel only to Defendant Mark Ricard.

6. The Magistrate acknowledges that Plaintiff has set forth a due process claim by stating that Plaintiff must allege "interference with a constitutionally-protected right by someone under color of state law…". **Malachowski v. City of Keene,** 787 F. 2nd 704, 710 (1st Cir.1986).

The Magistrate further states: "The absence of either a constitutionally-protected right or a state actor requires dismissal of a §1983 claim. Here, Plaintiff has failed to allege facts sufficient to show that Defendant was a state actor for purposes of his §1983 claim."

**The Magistrate does not say: "Plaintiff has failed to allege the presence of a constitutionally-protected right."**

As such, the Magistrate confirms the presence of a constitutionally-protected right as set forth in Plaintiff's Complaint.

7. **Violation of a constitutionally-protected right, without more, can be vindicated in the Federal Courts without a 42 U.S.C. §1983 claim.**

In **Bivens v. Six Unknown Named Agents,** 403 U.S. 388 (1971) the Supreme Court ruled that an implied cause of action existed for an individual deprived of a right under the Constitution despite the lack of any federal statute authorizing such a suit. The existence of a remedy for the violation was implied from the importance of the right violated. Thus, **aside from 42 U.S.C. §1983,** Plaintiff has the federally protected right to prosecute the claims of the instant action within the jurisdiction of this Court by virtue of the recognition that he asserts violation of a right protected by the U. S. Constitution.

The Fifth Amendment of the U.S. Constitution provides "…nor shall any person… be deprived of life, liberty, or property without due process of law…"

In **Snyder v. Massachusetts**, 291 U.S. 97, 105 (1934) the United States Supreme Court held that due process is violated "if a practice or rule offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."

Surely the right to unobstructed legal representation for any legal proceeding is an American principle of justice so rooted.

Plaintiff surely has a right of due process as a result Defendant's actions set forth in Plaintiff's Complaint.

8. **Plaintiff asserts that Defendant's actions as set forth in Complaint were under color of law.**

In **Monroe v. Pape**, 365 U.S. 167 (1961) the Court reversed the Seventh Circuit Court of Appeals and ruled:

> This case presents important questions concerning the construction of R.S. § 1979, 42 U.S.C. § 1983, which reads as follows:
>
> > Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

> thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Court further held:

> In United States v. Classic, supra, 325-326. But, according to the indictment, they did not perform their duty. In an opinion written by Mr. Justice (later Chief Justice) Stone, in which Mr. Justice Roberts, Mr. Justice Reed, and MR. JUSTICE FRANKFURTER joined, the Court ruled,
>
> > Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken "under color of" state law.
>
> Id. 326. There was a dissenting opinion, but the ruling as to the meaning of "under color of" state law was not questioned.

There can be no reasonable question that the actions of the Defendant against the Plaintiff as set forth in Plaintiff's Complaint were under color of law.

The Magistrate has cited **Lugar v. Edmondson Oil Co. Inc.** , 457 U.S. 922 937 (1982) as articulating a two-part test for analyzing whether conduct, which allegedly deprives a plaintiff of a federal right, is "fairly attributable" to the State. According to the Magistrate, the **Lugar** court held that, "[f]irst, the deprivation must be caused by the exercise of some right or privilege created by the State …". Surely the issuance of a subpoena and the exercise of a deposition are rights or privileges created by the State.

Further, according to the Magistrate: "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." **Lugar** 457 U.S. at 937. Surely an attorney acting under state law is "clothed with the authority of state law" and therefore takes action "under color of" state law as stated in **Monroe v. Pape**, supra.

Plaintiff also survives the test of **Estades-Negroni v. CPC Hosp. San Jan Capestrano,** 412 F. 3d 1,4 (1st Cir. 2005) because since Plaintiff is alleging "that a person…acting under color of state law deprived him of a federal constitutional or statutory right." It may well be that it is "only in rare circumstances" that private parties can be viewed as state actors." THIS IS ONE OF THOSE RARE CIRCUMSTANCES.

Plaintiff's claims also satisfy the three First Circuit tests referenced by the Magistrate: (1) the state compulsion test; (2) the nexus/joint action tests; or (3) the public function test. **Estades-Negroni**, 412 F. 3d at 5.

Under the state compulsion test, a private party becomes a state actor when the state "has exercised coercive power or has provided such significant encouragement, either overt or covert, that [challenged conduct] must in law be deemed to be that of the State." **Blum v. Yaretsky**, 457 U.S. 991 (1982). In this action, the exercise of the subpoena power must be deemed to be that of the State. Without the authority of the State the subpoena would have no enforceability.

According to the Magistrate, the nexus/joint action test requires such a close connection between the private party and the State that in viewing the totality of the circumstances the State has "so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in [the challenged activity]." **Estades-Negroni**, 412 F. 3d at 5, citing Bass v. Parkwood Hosp., 180 F. 3d 234, 242 (5th Cir. 1999). Once again the subpoena would have no meaning without the interdependence with state power.

Contrary to **Perkins v. Londonderry Basketball Club,** 196 F. 3d 13 (1st Cir. 1999) the Defendant did not invoke the assistance of the courts; he invoked the assistance of the State with respect to the subpoena issued to Plaintiff.

The Magistrate is in error when stating Plaintiff alleges no facts which indicate the State exercised coercive power, provided encouragement or acted in concert with Defendant to violate

Plaintiff's civil rights. The coercive power of the State was exercised when Defendant issued the subpoena in the name of the State. The issuance of the subpoena provided State encouragement for Defendant to violate Plaintiff's civil rights, and the issuance of the subpoena was a joint act of the State and Defendant.

In any event, these questions raise factual issues which are to be determined by a jury as requested by Plaintiff.

The Magistrate has noted a third test, the public function test, which requires that the private party "perform [] a public function that has been 'traditionally the exclusive prerogative of the State'". **Estades-Negroni**, 412 F. 3d 5, citing Blum, 457 U.S. at1005. Surely the issuance of a subpoena is the exclusive prerogative of the State. An individual cannot issue a subpoena without state authority.

Accordingly, **Perkins**, 196 F .3d 13, 19 (1st Cir. 1999) is not on point (delegation of town's youth basketball league does not meet the public function tests because plaintiff must demonstrate not only the performance of a public function by a private entity but also that the function is one exclusively reserved to the state). The instant action deals with a subpoena, not a basketball delegation.

The Magistrate has noted Plaintiff's allegation that Defendant issued a subpoena in the name of State of Rhode Island, making him state actor for 42 U.S.C.1983, and incorrectly states : "The argument that an attorney acts under color of state law because he is an officer of the court has been rejected by the Supreme Court.

What the Supreme Court has said is "[A] lawyer **representing a client** is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." **Polk County v. Dodson**, 454 U.S. 312, 318 (holding that a public defender employed by a county and appointed to **represent an indigent criminal defendant** is not a state actor for

purposes of § 1983). In said case, the public defender was seeking to help the defendant, not take unlawful actions against him.

In the suit presently before the Court, the Defendant was not representing the Plaintiff in the underlying action and was thus not acting on behalf of the Plaintiff. On the contrary, as opposing counsel, Defendant was taking action against the Plaintiff. Consequently, Defendant's actions were either authorized by State Law or not authorized by State Law. In either circumstance Defendant's actions were under color of State Law.

The reason § 1983 was passed by Congress was to provide a remedy for unlawful actions **taken against** individuals as is the case in the instant action.

It is further noted that Defendant used a procedural tool provided by the State; a subpoena duces tecum to compel Plaintiff's deposition (Rhode Island Gen. Laws § 9-17-5 compels the attendance of an individual served with a subpoena) and that Plaintiff has argued that Defendant's status as a Notary Public for the State of Rhode Island also renders him a state actor.

If Defendant who is a duly licensed Attorney at Law serving as an officer of the Court while invoking the power of subpoena authorized solely by the State of Rhode Island in his capacity as a Notary Public for the State of Rhode Island is not a state actor, what kind of actor is he?

In seeking to refute Plaintiff's citation of the well-reasoned argument in **Timson v. Weiner**, 395 F. Supp. 1344, 1348 (S.D. Ohio 1975) which properly held that "a subpoena is the order of an arm of the state compelling the presence of a person under threat of contempt", the Magistrate states that **Timson** was overruled by the Sixth Circuit Court of Appeals, but that does not make it "no longer good law". **Timson** may not be the law of the Sixth Circuit, but it may be the proper law of the First Circuit.

It may well be that the Third and Tenth Circuits have also held that the issuance of a subpoena does not convert an attorney into a state actor. The Tenth Circuit Court of Appeals is

reported as stating: "if an attorney does not become a state actor merely by virtue of instigating state court litigation...then the attorney does not become a state actor merely by employing state authorized subpoena power." **Barnard v. Young**, 720 F. 2d 1188, 1189 (10th Cir. 1983).

Plaintiff is not familiar with the instigation of litigation in the Tenth circuit, but in Rhode Island when a complaint is issued it is issued in the name of the State of Rhode Island. Moreover, the Barnard case is said to involve a violation of the right to privacy when an attorney issued a subpoena for plaintiff's medical records in a child custody suit. As such, this case did not involve a right guaranteed by the Constitution.

**Angelico v. Lehigh Vally Hosp. Inc.**, 184 F. 3d 268 (3rd Cir. 1999) is said to explicitly reject the argument that an attorney becomes a sate actor by virtue of being able to issue a subpoena seizing property without a hearing. But, once again, this case did not involve a right guaranteed by the Constitution.

The Magistrate admits that he has followed the alleged reasoning of the Third, Sixth and Tenth Circuits which Plaintiff asserts is not applicable to this action. This case is in the First Circuit. It is a well known fact that Circuits often are in disagreement. If the cited decisions are indeed in dispute, then any such disagreement would be settled by the Supreme Court.

Lastly Plaintiff would argue that as a member of the bar and an officer of the Court an attorney should be held to the highest standards under the law.

As such an attorney should not be allowed to benefit from the privileges of issuing a subpoena and then be deemed by the Courts to be exempt from the penalties which arise from that same lawyer's improper actions relative to the issuance of that subpoena.

When a Court rules that an attorney does not act under color of law when invoking the power of subpoena, it blatantly grants an attorney the unique power to violate an American citizen's civil rights with full immunity.

No private citizen or lawyer should be allowed to have it both ways. If one invokes the power of subpoena, one should be obligated to use it responsibly or suffer the legal consequences.

Should an attorney willfully and maliciously obstruct a citizen's right to proper due process by improperly tampering with and denying a citizen's right to legal representation for any legal proceeding, as asserted in the Plaintiff's Complaint, then that attorney essentially strips the citizen of the right to protect any and all of his civil rights since, ultimately, the only recourse a citizen has to protect such rights is through the judicial process by way of uncompromised legal representation.

If a citizen cannot properly access the judicial process to protect his civil rights then those civil rights are nothing more than worthless words on paper.

As such, lawyers are entrusted with the sacrosanct responsibility of safeguarding those civil rights guaranteed by the Constitution.

Plaintiff respectfully asserts that when disputes revolving around such issues are to be adjudicated, the importance of protecting the civil rights of American citizens should outweigh the importance of protecting the interests of the legal profession.

## II. Plaintiff's Abuse of Process Claim

### Argument

Plaintiff states a second claim for abuse of process arising from the same set of facts as the § 1983 claim. The willful and malicious abuse of the legal process is a claim not based entirely on state action and has an independent basis for original federal jurisdiction because of the Fourteenth Amendment which states:

> Amendment XIV
> Section 1. All persons born or naturalized in the United States, and

> subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Accordingly, Plaintiff does not base jurisdiction over this claim solely on the Court's ability to exercise supplemental jurisdiction under 28 U.S.C. § 1367: As noted by the Magistrate, supplemental jurisdiction exists where "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case'". **United Mine Workers v. Gibbs**, 383 U.S. 715, 725 (1966). That is, "the state and federal claims must derive from a common nucleus of operative fact."

The Magistrate has acknowledged that the claims stem from a common nucleus of operative fact.

While "[a]s a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." **Rodrigues v. Doral Mortgage Corp.**, 57 F. 3d 1168, 1177 (1st Cir. 1995). That is not necessary here since the claim is against the exercise of state law in violation of the 14th Amendment.

Moreover, supplemental jurisdiction is "a doctrine of discretion… and its justification lies in considerations of judicial economy, convenience and fairness to litigants…". **Gibbs**, 383 U.S. 715. On that basis the District Court should not decline to exercise supplemental jurisdiction over the abuse of process claim in violation of the due process clause of the 14th Amendment of the U.S. Constitution.

In conclusion, Plaintiff respectfully submits to this Honorable Court that Plaintiff has a valid 42 U.S.C. 1983 claim, a valid "Bivens" claim, a valid First Amendment claim, a valid Fifth

Amendment claim, valid Common Law claims, and valid claims for due process violations under the 14th Amendment, as well as a right to a jury trial under the Seventh Amendment.

**WHEREFORE,** Plaintiff respectfully requests of this Honorable Court that the dismissal of Count I and Count II of Plaintiff's Complaint proposed by the Report and Recommendation of the Magistrate be denied.

Upon leave of Court, pro se Plaintiff reserves the right to amend Complaint based upon the findings of this Court.

Plaintiff requests an oral argument hearing of twenty (20) minutes with respect to the objections contained herein.

Respectfully submitted,

EDMUND F. BROADLEY III
Plaintiff, Pro Se

Date: March 7, 2008

Edmund F. Broadley III
Plaintiff, Pro Se
P.O. Box 712
Pawtucket, RI 02862
401-726-1769

**CERTIFICATION**

I hereby certify that I caused a copy of the within Memorandum of Law to be mailed first class U.S. postage prepaid to:

William A. Hardman III, Esq.
255 Quaker Lane, Suite 600
West Warwick, RI 02893

On this 7th day of March, 2008.

Edmund F. Broadley III