**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EDMUND F. BROADLEY III<br>Plaintiff, | ) | |
| v. | ) | C. A. NO. 07- 458 ML |
| | ) | |
| WILLIAM A. HARDMAN III<br>Defendant | ) | |

**PLAINTIFF'S MOTION FOR RELIEF FROM ORDER ENTERED MARCH 10, 2008**

Now comes the Plaintiff in the above-titled action pursuant to Fed. R. Civ. P. 60 (b)(6) and hereby moves this Honorable Court for relief from Order entered March 10, 2008 rendered in adoption of the Report and Recommendation issued by Magistrate Judge Lincoln D. Almond.

The grounds for this motion are as follows:

Plaintiff respectfully submits to this Honorable Court that the Defendant's Motion to Dismiss under Rule 12 (b)(6) was wrongly granted.

In support of this motion Plaintiff shall rely on arguments set forth in the attached Memorandum of Law and other arguments to be made at hearing.

**WHEREFORE**, Plaintiff respectfully requests of this Honorable Court that the Plaintiff's Motion for Relief from Order dated March 10, 2008 be granted.

Plaintiff requests an oral argument hearing of twenty (20) minutes with respect to this motion.

EDMUND F. BROADLEY III
Plaintiff, Pro Se

Date: March 19, 2008

Edmund F. Broadley III
Plaintiff, Pro Se
P.O. Box 712
Pawtucket, RI 02862
401-726-1769

**CERTIFICATION**

I hereby certify that I caused a copy of the within Motion for Relief to be mailed first class U.S. postage prepaid to:

William A. Hardman III, Esq.
255 Quaker Lane, Suite 600
West Warwick, RI 02893

On this 19th day of March, 2008.

Edmund F. Broadley III

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EDMUND F. BROADLEY III<br>Plaintiff,<br>v.<br><br>WILLIAM A. HARDMAN III<br>Defendant | )<br>)<br>)<br>)<br>)<br>) | C. A. NO. 07- 458 ML |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM ORDER ENTERED MARCH 10, 2008**

Now comes the Plaintiff in the above-titled action pursuant to Fed. R. Civ. P. 60 (b)(6) and hereby files this Memorandum of Law in support of Plaintiff's Motion for Relief from Order Entered March 10, 2008.

**Argument**

Plaintiff respectfully submits to this Honorable Court that the Defendant's Motion to Dismiss under Rule 12 (b)(6) was wrongly granted since this Court surely has jurisdiction to hear a federal claim and since, surely, there is the statement of a claim upon which relief can be granted as a result of Plaintiff's claims that Plaintiff has been deprived of his Civil Rights under "color of law" and that Plaintiff has been denied due process as guaranteed under the Federal Constitution.

This Honorable Court has acknowledged that: "In ruling on such a motion [to dismiss], the Court construes the complaint in the light most favorable to the plaintiff, taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences. The Court will dismiss the claims only when 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

As such, the Court must accept as true the following allegations relative to the underlying action set forth in Complaint.

1. Defendant requested Plaintiff's counsel to recuse himself from the underlying action and thus obstructed Plaintiff's attorney-client relationship.

2. That Defendant subpoenaed the Plaintiff to be deposed while request for recusal of Plaintiff's counsel was still pending.

3. That when Plaintiff appeared for said deposition Defendant unlawfully refused to permit Plaintiff to have a non-participatory, disinterested witness attend the deposition as a safeguard of Plaintiff's rights and interests for said proceeding.

4. That when Plaintiff chose not to go forward with said deposition, Defendant violated Plaintiff's Civil Rights by announcing to the Plaintiff: " Boy, am I going to have fun with you" and then followed through on that threat with the filing of improper motions that were denied.

Plaintiff would respectfully ask this Honorable Court if this Court is saying that it is permissible under the laws of the United States of America for an attorney to conduct a judicial lynching in order to "have fun" with a litigant instead of dealing with a litigant in a proper and lawful manner?

Is this Court also saying it is permissible to ban a non-participatory, disinterested witness from a deposition simply on the say-so of the deposing attorney?

Moreover, Plaintiff has requested a trial by jury to which Plaintiff is entitled based on the substance of Plaintiff's pleadings in this action.

Plaintiff would again assert that Plaintiff's pleadings surely state a claim over which this Court has jurisdiction and for which relief can be granted.

In support of this motion Plaintiff shall rely on arguments set forth herein and other arguments to be made at hearing.

**WHEREFORE**, Plaintiff respectfully requests of this Honorable Court that the Plaintiff's Motion for Relief from Order entered March 10, 2008 be granted.

Plaintiff requests an oral argument hearing of twenty (20) minutes with respect to this motion.

EDMUND F. BROADLEY III
Plaintiff, Pro Se

Date: March 19, 2008

Edmund F. Broadley III
Plaintiff, Pro Se
P.O. Box 712
Pawtucket, RI 02862
401-726-1769

**CERTIFICATION**

I hereby certify that I caused a copy of the within Memorandum of Law to be mailed first class U.S. postage prepaid to:

William A. Hardman III, Esq.
255 Quaker Lane, Suite 600
West Warwick, RI 02893

On this 19th day of March, 2008.

Edmund F. Broadley III